UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AELLIS O., <br><br> Plaintiff, <br><br> v. <br><br> KELLI MARIE CONNOR; JILL LEUER; and GOOGLE LLC, <br><br> Defendants. | Case No.: 22-CV-200 JLS (WVG) <br><br> **ORDER DENYING MOTION TO PROCEED** *IN FORMA PAUPERIS* <br><br> (ECF No. 2) |

Presently before the Court is Plaintiff Aellis O.'s Motion to Proceed *in Forma Pauperis* ("IFP") ("IFP Mot.," ECF No. 2). Plaintiff, proceeding pro se, filed a complaint against Kelli Marie Connor, Jill Leuer, and Google LLC on February 11, 2022. *See* ECF Nos. 1, 2. For the reasons set forth below, the Court **DENIES** Plaintiff's IFP Motion.

**LEGAL STANDARD**

All parties instituting a civil action, suit, or proceeding in a district court of the United States, other than a petition for writ of habeas corpus, must pay a filing fee. 28 U.S.C. § 1914(a). An action may proceed despite a party's failure to pay the filing fee only if the party is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a)(1). Section 1915(a)(1) provides:

> [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding . . . without prepayment of fees or security therefor,

1

>by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor.

As section 1915(a)(1) does not itself define what constitutes insufficient assets to warrant IFP status, the determination of indigency falls within the district court's discretion. *See Cal. Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991) ("Section 1915 typically requires the reviewing court to exercise its sound discretion in determining whether the affiant has satisfied the statute's requirement of indigency."), *reversed on other grounds by* 506 U.S. 194 (1993). "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citing *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948)). "One need not be absolutely destitute to obtain benefits of the [IFP] statute." *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960). "Nevertheless, a plaintiff seeking IFP status must allege poverty 'with some particularity, definiteness[,] and certainty.'" *Escobedo*, 787 F.3d at 1234.

## ANALYSIS

Plaintiff has not paid the $402 filing fee required to maintain a civil action in this District and instead moves to proceed IFP. Plaintiff submits a form affidavit of assets to support his IFP Motion. *See generally* IFP Mot.

In his Application to Proceed in District Court Without Prepaying Fees or Costs, Plaintiff attests that he earns a total monthly income of $0. IFP Mot. at 1. Plaintiff claims he is self employed as a photographer, but his business has "taken a dramatic downturn since July 2021" such that he is "effectively unemployed." *Id.* Plaintiff claims that he previously earned an average of $2,000 to $3,000 per photography session and scheduled three or more sessions per month, which resulted in an estimated monthly income between $6,000 and $9,000. *See id.* However, Plaintiff claims his business has "declined steadily beginning August 2021 to a threshold below that of [his] monthly rent and operating expenses[.]" *Id.* Plaintiff attests that his "income for 2022 to date is negative several

thousand dollars[.]" *Id.*  He claims monthly expenses of $2600 for rent, $235 for phone and utilities, $175 for professional memberships, $500 for food, and $100 transportation, resulting in total monthly expenses of approximately $3,610. *Id.* at 2.  Plaintiff claims he has $200 in cash or in a bank account, and he has no assets of value.  *Id.*  Plaintiff also attests that he has no debts or financial obligations.  *Id.*

Plaintiff, however, fails to answer every question on the IFP Affidavit.  When asked whether he received any income in the last twelve months from a pension, annuity, or life insurance payments, Plaintiff left the question blank.  *Id.* at 1.  In light of Plaintiff's failure to complete the IFP Affidavit in its entirety, the Court finds that Plaintiff does not allege poverty with particularity, definiteness, or certainty; therefore, he is not entitled to proceed IFP.  Plaintiff's incomplete IFP Affidavit and unknown financial status alone warrant denial of his request to proceed IFP, for section 1915(a)(1) requires that Plaintiff attest to "***all assets*** [he] possesses." 28 U.S.C. § 1915(a)(1) (emphasis added).

Additionally, the financial information to which Plaintiff does attest does not adequately explain how he continues to pay his $3,610 monthly expenses when he claims he has no monthly income.  Although Plaintiff attests that his photography business has declined, he does not explain how he pays his monthly expenses when he has no assets and only $200 in a bank account.  Additionally, Plaintiff claims he has no debts or financial obligations.  In light of Plaintiff's inconsistent and incomplete attestations, the Court cannot glean whether Plaintiff is able to pay the filing fee and "still afford the necessities of life." *Escobedo*, 787 F.3d at 1234.

Plaintiff's inconsistent and incomplete attestations do not demonstrate with "particularity, definiteness, or certainty" that Plaintiff lacks the financial resources to pay the $402 filing fee.  Accordingly, the Court **DENIES** Plaintiff's IFP Motion.  This denial, however, is **WITHOUT PREJUDICE** to Plaintiff refiling an IFP motion that accounts for the above-noted discrepancies and demonstrates that Plaintiff is not abusing the IFP

///

///

process, which could result in dismissal of this action or other sanctions.[1] *See Newsome v. Loterzstain*, No. 2:19-cv-0307-JAM-EFB P, 2020 WL 4501813, at *3 (E.D. Cal. Aug. 5, 2020) ("[C]ourts routinely dismiss with prejudice cases upon finding that the plaintiff has intentionally withheld information that may have disqualified plaintiff from obtaining IFP status or has otherwise manipulated his finances to make it appear that a plaintiff is poorer than he actually is[.]"); *Tuck v. Capitol One Bank*, Case No.: 3:17-cv-01555-BEN-AGS, 2017 WL 6547739, at *3 (S.D. Cal. Dec. 20, 2017) ("[E]ven if Plaintiff's Amended IFP Application, viewed in isolation, might otherwise justify allowing him to proceed IFP, IFP 'status is a privilege which may be denied when abused.'" (quoting *Toodle v. Jones*, 02:09-CV-0944, 2009 WL 2230704, at *1 (W.D. Pa. July 23, 2009))). The Court reminds Plaintiff that he signed the IFP Affidavit under penalty of perjury that it is true and correct (IFP Mot. at 2) and will likewise sign any renewed IFP motion under penalty of perjury. *See Tuck*, 2017 WL 6547739, at *3 ("Plaintiff is further remined that an IFP application is made under penalty of perjury, and any false statements may result in a dismissal of claims . . . .").

## CONCLUSION

Based on the foregoing, the Court **DENIES WITHOUT PREJUDICE** Plaintiff Motion to Proceed IFP (ECF No. 2). No later than <u>thirty (30) days from the date of this Order</u>, Plaintiff shall either: (1) pay the $402 filing fee required to maintain an action is this District; or (2) file a renewed motion to proceed IFP that accounts for the discrepancies identified by the Court and demonstrates that Plaintiff is not abusing the IFP process.[2] ***Plaintiff is hereby on notice that if he fails to pay the $402 filing fee or file a renewed***

---

[1] Not only did Plaintiff sign the IFP Affidavit "under penalty of perjury," but with an "understand[ing] that a false statement may result in a dismissal of [his] claims." IFP Mot. at 2.

[2] The Court reminds Plaintiff that, should he refile an IFP motion that sufficiently assures the Court that he is entitled to IFP status and is not abusing the IFP process, his Complaint will undergo mandatory pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2)(B). Under section 1915(e)(2)(B), the Court must *sua sponte* dismiss the Complaint, or any portion of it, that is frivolous, malicious, fails to state a claim, or seeks damages from immune defendants.

*IFP motion <u>within thirty (30) days from the date of this Order</u>, the Court will dismiss this action without prejudice*.

**IT IS SO ORDERED.**

Dated:  February 18, 2022

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge